

ACLU of New York

New York Civil Liberties Union
125 Broad Street, 19th Fl.
New York, NY 10004
(212) 607-3300
www.nyclu.org

May 4, 2023

**VIA ECF and First-Class Mail**
Honorable Naomi Reice Buchwald
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, N.Y. 10007-1312

Re:   *Justin v. Tingling*, 1:22-cv-10370-NRB

Dear Judge Buchwald:

> *Endorsement*
> Treating this letter as a motion to reargue, it is denied both as untimely and without a meritorious basis. So Ordered.
> Naomi Reice Buchwald, USDJ
> May 23, 2023

On behalf of the plaintiffs in the above-referenced matter, which challenges the systematic exclusion of Black residents of New York County from state jury service, and pursuant to Rule 2(B) of Your Honor's Individual Practices, we write to renew the plaintiffs' January 10, 2023, letter requesting a pre-motion conference in advance of a proposed motion for class certification. *See* ECF No. 15.

In making this request, we are mindful of the Court's prior direction that two motions to dismiss—one on standing and the other on the merits—be briefed "first and separately" from class certification and of the Court's noting the general trend of addressing dispositive motions prior to class certification. ECF No. 20 at 1 (Jan. 31, 2023 Order); ECF No. 18 (Jan. 20, 2023 Order). However, we are also mindful of the possibility that defendant may suggest this matter is moot in the event Mr. Justin should cease to satisfy the criteria necessary to serve as class representative during the time likely required to brief and decide both motions to dismiss. Filing a motion for class certification will relieve any such concern. *See, e.g.*, *Jobie O. v. Spitzer*, 03 Civ. 8331 (CM), 2007 WL 4302921, at *7 (S.D.N.Y. Dec. 5, 2007) ("The 'relation back' doctrine ordinarily applies where the named plaintiff's claims become moot after the named plaintiff moves for class certification but before the class is certified - not where a motion for class certification had yet to be filed due to the plaintiff's delay."). The January 20 Order was clear that the Court would address a motion for class certification after dispositive motions are resolved, but left open the question of whether and/or when plaintiffs would be permitted to file their motion for class certification. ECF No. 18.

Considering the important issues at stake and the potential waste of judicial and party resources should mootness arise, we are obligated to exercise all available diligence to bring this motion at the earliest possible time—while also, of course, complying with the Court's orders and Individual Rules. To the extent the Court deems it appropriate to stay further briefing and decision

pending resolution of the motions to dismiss, the plaintiffs would have no objection to that. In the alternative, the plaintiffs request that the Court grant any relief it deems appropriate and that clarifies that the plaintiffs have sought class certification to the fullest extent permitted by the Court. *Cf.* Order, *Leslie et al v. City of New York*, 22 Civ. 02305 (NRB) (S.D.N.Y. Mar. 24, 2023), ECF No. 36 (denying the "motion for class certification . . . without prejudice to its renewal (on the original papers if plaintiffs so choose) following the resolution of the proposed motion to dismiss").

We are available to discuss this matter at the Court's convenience.

Respectfully submitted,

/s/ Perry M. Grossman
Perry M. Grossman
Daniel R. Lambright
Lanessa L. Owens-Chaplin
Christopher T. Dunn
NEW YORK CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 19th Fl.
New York, N.Y. 10004
Phone: (212) 607-3300
pgrossman@nyclu.org

/s/ Isaac B. Zaur
Isaac B. Zaur
Royce L. Zeisler
Amanda J. Wong
CLARICK GUERON
REISBAUM LLP
220 Fifth Avenue, 14th Fl.
New York, N.Y. 10001
Phone: (212) 633-4310
izaur@cgr-law.com