```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
DAUDI JUSTIN, and all others
similarly situated, and THE
COMMUNITY SERVICE SOCIETY OF
NEW YORK,

        Plaintiffs,                      MEMORANDUM AND ORDER

        - against –                      22 Civ. 10370 (NRB)

MILTON ADAIR TINGLING, in his
official capacity as County
Clerk of New York County and
Commissioner of Jurors,

        Defendant.

-------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On December 8, 2022, plaintiffs Daudi Justin and the Community Service Society of New York (together, "plaintiffs") brought this putative class action against Milton Adair Tingling ("defendant"), in his official capacity as County Clerk of New York County and Commissioner of Jurors, claiming that Section 510(3) of New York's Judiciary Law, which disqualifies convicted felons from serving on juries, is unconstitutional as applied in New York County under both the Sixth and Fourteenth Amendments. ECF No. 1. The primary relief sought in the complaint is (1) a declaratory judgment that the statute is unconstitutional as applied to New York County and (2) an injunction against the statute's application in the County. Id. at 49-50.

On February 27, 2023, defendant moved to dismiss plaintiffs' constitutional claims on the basis that plaintiffs lack standing. ECF No. 21. On January 23, 2024, the Court concluded that while plaintiffs have no standing to pursue their Sixth Amendment claim, they do have standing to pursue their Fourteenth Amendment claim. See ECF No. 29 at 18. At the same time, however, the Court granted defendant's request for leave to file a motion to dismiss that claim under Federal Rule of Civil Procedure 12(b)(6), id., which defendant filed on February 22, 2024, ECF Nos. 30-31. That motion was fully briefed on April 8, 2024 and is presently before the Court. See ECF Nos. 34-35.

After defendant filed its motion to dismiss, important legislative developments transpired, which may directly affect the outcome of this case. Specifically, on June 7, 2024, both houses of the New York State Legislature passed the Jury of Our Peers Act, a bill that would repeal Section 510(3) of the State's Judiciary Law and remove the ban on jury duty for convicted felons throughout New York. See S.206A (N.Y. 2024); A.1432C (N.Y. 2024). Although the bill has not yet been signed by the Governor,[1] if it does become law, it would repeal the very statute that plaintiffs

---

[1] See N.Y. State Senate, S206A, https://www.nysenate.gov/legislation/bills/2023/S206/amendment/A (last visited September 18, 2024).

seek to enjoin as applied in New York County.  Given that there is no request for monetary damages and no basis to conclude that defendant would later reinstate the jury ban, the bill's passage would render this case fully moot.  See Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ., 397 F.3d 77, 91-92 (2d Cir. 2005) (holding claim mooted by repeal of offending portion of statute because no indication of plan to reinstate repealed portion) (collecting cases); Lamar Advert. of Penn., LLC v. Town of Orchard Park, 356 F.3d 365, 377 (2d Cir. 2004) ("Mindful of the deference to the legislative body, we are hesitant to hold that a significant amendment or repeal of a challenged provision that obviates the plaintiff's claims does not moot a litigation, absent evidence that the defendant intends to reinstate the challenged statute after the litigation is dismissed.").

For these reasons, the Court denies defendant's motion to dismiss without prejudice to refile it if the legislation repealing the challenged statute is ultimately not enacted by the end of this year, i.e., the bill does not become law and the challenged statute remains in force.  Accordingly, the Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 30.

**SO ORDERED.**

Dated:   September 19, 2024
         New York, New York

                                       _____
                                              NAOMI REICE BUCHWALD
                                         UNITED STATES DISTRICT JUDGE